[Hamilton County Circuit Court, January Term, 1894.]

Smith and Swing, JJ.

\*Frank T. Cahill, Adm., v. E. M. Smith, Adm., and E. M. Smith, Individ-
ually.

Consideration to Support a Guaranty, and For a Substituted Note.

 T. loaned the firm of S. & M. a sum of money and took their note. Afterwards S. & M.
became bankrupt, and then made a composition with their creditors, which T. signed,
and filed her claim. Mrs. S. guaranteed the payment of the original note, in pursuance
of an agreement made at the time of the failure, and T. retained the same, in lieu of
what was due her under the composition agreement. Mrs. S. paid various sums
on the note, and afterwards S. made a new note like the old one and Mrs. S. signed the
same as maker. *Held,* That there was a good and sufficient consideration to support
the guaranty of Mrs. S., and consequently there was a good and sufficient considera-
tion for the execution of the note which was given in lieu and satisfaction of the first
note so guaranteed by her.

Error to the Superior Court of Cincinnati.

Smith, J.

The only question presented to the court is, whether the trial judge erred in
giving the judgment he did, on the agreed statement of facts on which the case
was heard, and in overruling the motion for a new trial.

The facts as agreed upon are substantially stated in the brief of counsel for
defendant thus:

In January, 1873, Jennett Torrence loaned the firm of Smith & McAlpin
$750.00 at eight per cent interest, due in one year. Interest was paid thereon
by the maker until January, 1876, and the payments duly indorsed on the note
which had been given therefor. In 1876 Smith & McAlpin became bankrupt,
and in the summer of that year a composition with their creditors was brought
about, by which Smith & McAlpin in full discharge of their debts were to pay
thirty per cent of the amount thereof, viz.: ten per cent October 1, 1876; ten
per cent one year from June 15, 1876, and ten per cent in two years from June
15, 1876, the deferred payments to bear interest, and to be evidenced by notes of
Smith & McAlpin, and to be secured by a conveyance to trustees of all the real
estate of Smith & McAlpin, and of a claim for a large amount held by the firm
against the city. Mrs. Torrence signed the composition agreement, and filed her
claim under this composition on her $750.00 note.

On November 9, 1876, Smith & McAlpin paid her the first ten per cent divi-
dend, and on the same day Mrs. Mary A. Smith (who had long before verbally
promised Mrs. Torrence to protect her claim) indorsed on the back of the original
note, " I hereby guarantee the payment of this note," and signed her name
thereto, and Mrs. Torrence, retained this original note thus indorsed, and did
not take the two notes thus indorsed for $75.00 each, due June 15, 1877, and
June 15, 1878, which she was entitled to receive under the composition agree-
ment.

The language of the agreed statement of facts as to this is important, and is
as follows: "Said original note, however, was not surrendered, and new notes
for the deferred payments of twenty per cent were not given as provided for in
said composition agreement, *but in lieu thereof,* and in furtherance of the state-
ments and promises made as aforesaid to said Jennett Torrence by said Mary A.
Smith at the time of the failure of the firm," said indorsement of guaranty was
made by Mrs. Smith with an indorsement that only six per cent interest was to
be paid thereon, " and said Jennett Torrence retained said original note thus in-
dorsed as, in the belief of Mary A. Smith, Jennett Torrence and E. M. Smith, a
valid existing claim against the said firm of Smith & McAlpin and Mary A.
Smith *in substitution and lieu of her notes under said composition.*"

\* The judgment in this case was affirmed by the Supreme Court; unreported, 56 O. S., 760.

Various sums of money were paid to Mrs. Torrence after this time by Mr. and Mrs. Smith, and by February 10, 1883, she had been paid $254.50, which was more than the amount which would have been due to her under the composition.

About January 1, 1881, there being, according to the terms of the note (after deducting payments), still due the principal sum of $750.00, and there being no room thereon for further indorsements, Smith made a new note in form like the old one, except that it bore interest after January 8, 1876, at six per cent. with all payments credited thereon, as on the original, and signed the firm name of Smith & McAlpin thereto, and Mary A. Smith signed the same as a maker. Mrs. Torrence then surrendered the original note, and accepted the new one; and it is this note on which suit is brought. If Mrs. Torrence, under the circumstances, only had a claim for the two installments of $75.00 each, those have been fully paid, and she has no further claim. If the new note was valid and binding, she has a claim for $552.00, with six per cent interest from October 14, 1891.

We suppose that there can be no question but that Smith, the bankrupt, could by written promise bind himself to pay a debt for which he had been legally bound, made after his discharge therefrom by proceedings in bankruptcy. We think he did this by giving the note sued on.

The principal question, however, is whether there was a good consideration for the guaranty of the first note by Mary A. Smith, on November 9, 1876. If there was, we understand it to be conceded that there was also a good consideration for her signing the last note, given in lieu of the first one.

As we understand it, on the 9th of November, 1876, Jennett Torrence had a valid and subsisting claim against the firm of Smith & McAlpin, payable one-half June 15, 1877, and the other half June 15, 1878, with interest. These installments were secured by property placed in the hands of trustees. The agreed statement of facts in effect shows, that on that day an arrangement was made by the parties, under which the notes of the firm for the $150 were not to be given, but in lieu thereof Mrs. Torrence was to retain the old note with the guaranty of Mary A. Smith "in substitution and lieu of her notes under said composition."

Why was not this a valid and binding contract as between Smith and Mrs. Torrence? The giving up by her of her claim for these secured notes, was a consideration to Smith for his agreement to allow her to retain the old note with the security obtained by him thereon. Mrs. Torrence gave up her right to such old securities in consideration of the new obligation of Mrs. Smith received by her. In Parsons on Contracts, vol. 1, page 431, it is said: "It is a perfectly well settled rule that if a benefit accrues to him who makes the promise, or if any loss or disadvantage accrues to him to whom it is made, and accrues at the request or on the motion of the promisor, in either case the consideration is good to sustain assumpsit." In this case the benefit accruing to Smith, the promisor, was the practical release of the property assigned to trustees to secure the payment of these composition dividends from obligation therefor. And the disadvantage to Mrs. Torrence was, in making such release, either of which was a sufficient consideration to sustain the contract. We do not understand the law to be that in such case, there must be a new or different consideration as between the promisee, and a person who as surety for the promisor unites in the contract. If this were the case, almost every contract by a surety would be invalid for want of consideration. Here, the arrangement made was one arrangement, and as we think on a valid consideration.

Our conclusion therefore is, that on the agreed facts the plaintiff was entitled to recover.

The judgment of the trial court will therefore be reversed, with costs, and such judgment entered as should have been rendered by that court.

*F. T. Cahill,* for Plaintiff in Error.

*A. M. Allen* and *Channing Richards,* for Defendants in Error.